OFFICE COPY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

'08 CIV 7052

JUDGE RAKOFF

------------------------------------------------------------

TONGLI SHIPPING CO., LTD. SAMOA,

                              Plaintiff,

            – against –

SUPTURNO CO., LTD. also known as SUPTURNO
COMPANY,

                            Defendant.

------------------------------------------------------------X

**ECF CASE**

**INDEX NO.**

**VERIFIED COMPLAINT**

Plaintiff Tongli Shipping Co., Ltd. Samoa ("Tongli Shipping") by its attorneys Nicoletti Hornig & Sweeney, as and for its Verified Complaint herein against Defendant Supturno Co., Ltd., also known as Supturno Company ("Supturno"), alleges upon information and belief as follows:

### JURISDICTION

1.    This is an action that comes within the admiralty and maritime jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and that alleges admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

### PARTIES

2.    Tongli Shipping is, and was at all relevant times, a corporation organized and existing under the laws of some foreign jurisdiction, with an office in Yantai, China.

3.    Tongli Shipping is, and was at all relevant times, the disponent owner of the M/V SHUN CHENG.

4.    Supturno is, and was at all relevant times, a corporation organized and existing under the laws of some foreign jurisdiction.

5.    Supturno is, and was at all relevant times, a corporation organized and existing under the laws of some jurisdiction other than New York, with an office located at 61/2 SOI SUKHUMVIT, SUKHUMVIT RD 53, KLONGTONNUE, WATTHANA, Bangkok, Thailand.

6.    At all times relevant, Supturno was and is the charterer of the M/V SHUN CHENG.

7.    As set forth in the accompanying Affidavit In Support of Issuance of Process of Maritime Attachment and Garnishment Pursuant to Rule B and Appointment of Special Process Server, Defendant Supturno can not be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

## MARITIME CONTRACT

8.    On or about June 25, 2008, Tongli Shipping, as disponent owner, and Supturno, as charterer, entered into a charter party contract (the "Charter Party"), whereby Supturno hired the M/V SHUN CHENG to perform a voyage from Kosichang, Thailand, to Jingtang, China, and to carry Defendant Supturno's cargo of approximately 9,300 metric tons of bulk iron ore powder.

9.    Tongli Shipping and Supturno executed a "Fixture Note" (a true and authentic copy of which is annexed hereto as Exhibit "A"), which provided that the terms of the Charter Party were subject to the Uniform General Charter (Revised 1994) (also known as "Gencon 94") unless otherwise agreed by the parties.

10.    The parties did not set forth any specific agreement in the Fixture Note respecting the resolution of disputes, arbitration, litigation, or the like.  Therefore, by the terms of

2

the Gencon 94 charter party, the parties' dispute is subject to the application of "English law and any dispute arising out of [their] Charter Party shall be referred to arbitration in London . . . ."

11.    In exchange for the use of the M/V SHUN CHENG to carry its designated cargo, and as provided for in the Fixture Note, Supturno agreed to pay freight to Tongli Shipping in the amount of (US) $29.00 per metric ton, payable within three bank days after completion of loading, and to pay demurrage to Tongli Shipping in the amount of (US) $7,000.00 per day.

12.    In    accordance    with    the    agreement    between    the    parties,    the M/V SHUN CHENG performed the subject voyage and carried Supturno's cargo of bulk iron ore powder from Kosichang, Thailand, to Jingtang, China.

## AS AND FOR A FIRST CAUSE OF ACTION

13.    Plaintiff repeats and realleges its responses contained in paragraphs "1" through "12" of this Complaint as if fully set forth herein.

14.    On or before July 13, 2008, a total of approximately 9,240.56 metric tons of bulk iron ore powder was loaded aboard the M/V SHUN CHENG.  Defendant has failed to pay Plaintiff the freight charge agreed upon in the Fixture Note.  The freight owed and due to Plaintiff is (US) $267,976.24.

15.    Between July 6, 2008, and July 13, 2008, Defendant incurred demurrage at Kosichang, where the M/V SHUN CHENG loaded a cargo for Defendant's account. Defendant has failed to pay Plaintiff the loading port demurrage charge agreed upon in the Fixture Note.  The loading port demurrage charge owed and due to Plaintiff is (US) $26,193.58.

16.    The M/V SHUN CHENG sailed from Kosichang, Thailand, on or about July 13, 2008, and arrived at Jingtang, China, on or about July 23, 2008.  Upon arriving at the Chinese port, the vessel was not permitted to berth and discharge its cargo because of insufficient

3

documentation for the cargo and because Defendant failed to pay for stevedoring services. To date, the cargo still has not been discharged.

17.    As a result of Defendant's failure to arrange for the discharge of the bulk iron ore powder, Defendant's discharge port demurrage fees under the Fixture Note owed and due to Plaintiff are currently estimated to total (US) $210,000.00.

18.    Plaintiff has demanded payment from Defendant the sum due. Despite having made due demand, Defendant, in breach of the agreement between the parties, has refused or otherwise failed to pay the amounts due and owing to Plaintiff.

19.    By reason of Defendant's breach of the parties' agreement, Plaintiff will avail itself of all of its legal and contractual remedies including, but not limited to, arbitration in London.

20.    Interest, costs, and attorneys' fees are routinely awarded to the prevailing party in London arbitration governed by English law.

21.    Plaintiff is entitled to an award of interest, costs, and attorneys fees in the amount of $200,000.00, as near as can now be estimated.

22.    Defendant has failed to pay the aforementioned amounts due and owing to Plaintiff.

23.    Plaintiff reserves the right to increase the amount claimed should the amount set forth herein be insufficient to fully secure its claims against Defendant.

24.    Plaintiff Tongli Shipping brings this action under 9 U.S.C. § 8 seeking security in the total amount of $704,169.82 for its claim, inclusive of interest, costs and attorneys' fees, while reserving its right to arbitrate in London. This Court should retain jurisdiction for purposes of enforcing the final London arbitration award.

**WHEREFORE**, Plaintiff Tongli Shipping Co., Ltd. Samoa prays that the Court:

a.      Issue process of maritime attachment and garnishment pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions to attach the tangible and intangible property of Defendant Supturno Co., Ltd., also known as Supturno Company, if said Defendant cannot be found within the District, up to and including the amount sued for herein;

b.      Retain jurisdiction to enter judgment in favor of Plaintiff Tongli Shipping Co., Ltd. Samoa on any award rendered in the London arbitration;

c.      Condemn and sell the tangible and intangible property of Defendant Supturno Co., Ltd., also known as Supturno Company, to satisfy the judgment; and

d.      Award such other and further relief as the Court may deem just, equitable, and proper.

Dated: New York, New York
      August 7, 2008

Respectfully submitted,

NICOLETTI HORNIG & SWEENEY
*Attorneys for Tongli Shipping Co., Ltd. Samoa*

By: _____
James F. Sweeney, Esq. (JS-7745)
Terry L. Stoltz, Esq. (TS-7650)
William M. Fennell, Esq. (WF-8895)
Wall Street Plaza
88 Pine Street, Seventh Floor
New York, New York 10005
Telephone: 212-220-3830
(Our file number: 99000010)

5

## VERIFICATION

STATE OF NEW YORK    )
                           ) ss.:
COUNTY OF NEW YORK  )

TERRY L. STOLTZ, being duly sworn, deposes and says:

I am the attorney for Tongli Shipping Co., Ltd. Samoa, with responsibility for pursuing the claim referred to in the Verified Complaint. The foregoing Verified Complaint is true to my knowledge and belief, except as to matters alleged upon information and belief, and as to those matters, I believe them to be true. I make this Verification on behalf of Plaintiff because Plaintiff is a corporation with an office and place of business located in Yantai, China, and does not have any offices or managing agents in the District.

_____
TERRY L. STOLTZ

Subscribed and sworn to before me
this 7th day of August 2008

_____
Notary Public
MICHELLE MANISCALCO
Notary Public, State of New York
No. 01MA6088438
Qualified in Kings County
Certificate Filed in New York County
Commission Expires March 3, 20 11

E:\Shared\wfennell\Tongli Shipping v Supturno Co (#99000010)\Complaint.doc

# EXHIBIT A

## FIXTURE NOTE

DD: 25 JUNE 2008

IT IS ON THIS DATE OF 25ˢᵀ SEPT 2007 MUTUALLY AGREED BETWEEN
UNDER-SIGNED OWNER AND CHARTERER ON TERMS AND CONDITIONS
ASF:

HEADOWNER : QINGDAO HUAQING SHIPPING CO.,LTD: RM3718 PARKSON
BUILDING INTERNATIONAL BUSINESS CENTER ZHONGSHAN ROAD NO.
44-60, QINGDAO CHINA OF P.R. PC 266001
DISPONENT OWNER: TONGLI SHIPPING CO., LTD SAMOA
ROOM0902,BUILDING NO.4. TIANHONG TRIUMPH TOWER,NO53,NANSHAN
ROAD,YANTAI,CHINA PC:264001
CHARTERER NAME :   SUPTURNO CO.,LTD.
                   61/2 SOI SUKHUMVIT, SUKHUMVIT RD 53,
                   KLONGTONNUE, WATTHANA, BANGKOK

### 1)MV. SHUN CHENG

PRC  FLG , BLT/1998 , DWT:10103 BSS SSW 8.15M,  CAPACITY: 11800 M3,
L/B/D:127.90/18.60/10.90,  GRT/NRT:6568/3420, SINGLE-DECK 3H/3H,
H-SIZE NO.1: 12.50X10.2M;  NO.2: 25.20X15.3M :  NO.3: 37.80X15.3M ;
CLASS: CCS; GEARLESS,  P&I CLUB: PICC

1)  CARGO & QTY: 9100-9400 M/T OF IRON ORE POWDER MOLOO (SF ABT
    0.8   MOISTURE 1-2%)
2)  L/D PORT: 1SA KOH SICHANG,THAILAND/1 SBP JINTANG, CHINA
3)  LAYCAN:6-12 JULY.,2008
4)  L/D RATE : 4000/5000 WWD SHINC
5)  DE,/DES : USD 7000/3500 PDPR
6)  FRT RATE: USD 29.00 PER MT FIOST BSS 1/1
7)  FREIGHT PAYMENT:USD 30000 DEPOSIT REMITTED TO THE OWNER ACCT
    W/I 2 BANKING DAYS AFTER SIGNE THE FN BUT ALWAYS BEOFRE LOADG
    AND THE BALANCE FREIGHT LESS COMMISSION ON BS/L QUANTITY TO BE
    PAID WITHIN 3 BANKDAYS AFTER   COMPLETION OF LOADING, BEFORE
    RELEASING BS/L MARKED FREIGHT PAYABLE AS PER C/P BUT ALWAYS BBB
    FULL FREIGHT DEEMED EARNED ONCE CGO ON BOARD,DISCOUNTLESS
    AND NON-RETURNABLE WHTHR CGO/VESL LOST OR NOT LOST
8)  AGENT : CHTRS AGENT AT BENDS   NAVAPHEN CO.,LTD AT LOADING PORT
    AT DISCHG PORT AS JINXIN OCEAN SHIPPING AGENCY SUBJ REASONABLE
    P/DISB

AS OWENRS                                      AS CHARTERERS

TONGLI SHIPPINGCO.,LTD SAMOA                   SUPTURNO

9)   OWRS/MASTER AGREE TO DISCHRG/RELEASE THE ENTIRE CGO TO
     RECEIVERS AGAINST ORIGINAL BS/L OR RECEIVERS BANK GUARANTEE.
10)  SHORE CRANE, FLOATING CRANE TO BE FOR CHARTERER ACCT AT BENDS.
11)  TAX/DUES ON CGO TO BE FOR CHRTRS/SHPR/RCVRS ACCT,   SAME ON
     VSL/FRT TBF OWNRS ACCT
12)  LIGHTERAGE/LIGHTENING IF ANY FOR CHRTRS ACCT AT BENDS
13)  NOR TB TENDERED/ACCEPTED WWWW, LAYTIME TO COMMENCE AT 1300
     HRS ON THE SAME CALENDER DAY IF NOR IS TENDERED BEFORE NOON OR
     AT NOON AND AT 0800 HRS ON THE NEXT CALENDER DAY IF NOR IS
     TENDERED AFTERNOON.
14)  MOSITURE CERTIFICATION TENDENED TO OWNER BEFORE LOADG OPENED BY
     CCIC
15)OTHERS AS PER GENCON 94


**AS OWENRS**                                    **AS CHARTERERS**


TONGLI SHIPPINGCO.,LTD SAMOA           SUPTURNO CO.,LTD