OFFICE COPY

08 CIV 7052

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TONGLI SHIPPING CO., LTD. SAMOA,

                              Plaintiff,

  – against –

SUPTURNO CO., LTD. also known as SUPTURNO
COMPANY,

                              Defendant.
------------------------------------------------------------------X

ECF CASE

INDEX NO.

## AFFIDAVIT OF WILLIAM M. FENNELL, ESQ. IN SUPPORT OF ISSUANCE OF PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT PURSUANT TO RULE B AND APPOINTMENT OF SPECIAL PROCESS SERVER

STATE OF NEW YORK    )
                                  s.s.:
COUNTY OF NEW YORK  )

        WILLIAM M. FENNELL, being first duly sworn, hereby deposes and states:

        1.     I am an associate of the firm of Nicoletti Hornig & Sweeney representing Plaintiff, Tongli Shipping Co., Ltd. Samoa ("Tongli Shipping"), in this case. This affidavit is submitted on behalf of Tongli Shipping in order to secure the issuance of a Summons, and for an order of attachment pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions in this *in personam* Admiralty action and appointing a special process server pursuant to Rule 4(c) of the Federal Rules of Civil Procedure and Rule B(1)(d)(ii)(C) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions.

2. I have personally inquired into the presence of Defendant, Supturno Co., Ltd., also known as Supturno Company ("Supturno"), in this District.

3. I have checked with the office of the Secretary of State of the State of New York, using the New York Secretary of State's Corporation and Business Entity Database, and I have determined from that database that, as of August 6, 2008, Supturno is not incorporated pursuant to the laws of New York, and it is not presently qualified to conduct business within the State of New York.

4. I have inquired of AT&T Directory Assistance whether Supturno can be located within this District. AT&T Directory Assistance has advised me that the Defendant does not have any telephone number listing within this District.

5. I have further consulted with several other telephone directories on the internet, and I have found no separate telephone listing or address for Supturno within this District.

6. I have further made several searches on the internet with various search engines and maritime websites, and I have found no indication that Supturno can be found within this District for either jurisdictional or service of process purposes.

7. Based upon the Fixture Note, I have been able to determine that Supturno has an office located at 61/2 SOI SUKHUMVIT, SUKHUMVIT RD 53, KLONGTONNUE, WATTHANA, Bangkok, Thailand.

8. I have exercised due diligence to determine whether Supturno may be found in this District, and I have found no indication that Supturno can be found within this District. Based upon the foregoing, I have formed a good faith belief that Supturno does not

have sufficient contacts or business activities within this District to satisfy the requirements of *in personam* jurisdiction nor is Supturno subject to service of process in the District.

9.    To my knowledge, Supturno cannot be found within this District for the purposes of Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

10.    Upon information and belief, Supturno has, or will have during the pendency of this action, tangible and/or intangible property in the possession, custody, or control of, or moving through, various banking institutions and/or other garnishee(s) in this District.

11.    Plaintiff is desirous of serving the Process of Maritime Attachment and Garnishment on the garnishees with all deliberate speed so that it will be fully protected against the possibility of not being able to satisfy any arbitration award and/or judgment that may ultimately be obtained by Plaintiff against the Defendant.

12.    For the foregoing reason, on behalf of Plaintiff, I request that, pursuant to Rule 4(c) of the Federal Rules of Civil Procedure and Rule B(1)(d)(ii)(C) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the Court appoint the partners, associates, paralegals, employees, and agents of Nicoletti Hornig & Sweeney to serve the Process of Maritime Attachment and Garnishment upon the garnishees named in said Process of Maritime Attachment and Garnishment, as well as upon any other garnishee in this District who, upon information that is developed subsequent hereto, may hold assets for or on account of the Defendant. The partners, associates, paralegals, employees,

and agents of Nicoletti Hornig & Sweeney who will be so appointed are over eighteen years of age and are not parties to this action.

                                                            WILLIAM M. FENNELL

Sworn to before me this
7th day of August, 2008

_____
Notary Public

MICHELLE MANISCALCO
Notary Public, State of New York
No. 01MA6088438
Qualified in Kings County
Certificate Filed in New York County
Commission Expires March 3, 20 11